**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION

RENITA DAVIS,
Plaintiff(s)
v.
NOVO NORDISK INC., AND NOVO NORDISK A/S,
Defendant(s).

MDL NO. 3094
THIS DOCUMENT RELATES TO ALL CASES
JUDGE KAREN SPENCER MARSTON
COMPLAINT AND JURY DEMAND
CIVIL ACTION NO.: 2:26-CV-8395

---

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

---

Plaintiff named below, by and through the undersigned counsel, files this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff adopts and incorporates by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff files this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503-1).

## IDENTIFICATION OF PARTIES

**Plaintiff**

1. Full (first, middle, and last) name of Plaintiff injured due to use of GLP-1 RA Product(s): ______Renita Davis______________________________________________.

2. If applicable, full name and representative capacity of Plaintiff alleging wrongful death claim: ________________________________________________________, as ____________________________ of the estate of ____________________________, deceased.

3. If applicable, full name of Plaintiff alleging survival claims, as permitted under state law: ____________________________________________________________.

4. If applicable, full name of Plaintiff alleging loss of consortium or loss of services: _____N/A_____________________________________________________________.

**Defendant(s)**

5. Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

___X__ Novo Nordisk Inc.

__X___ Novo Nordisk A/S

_____ Eli Lilly and Company

_____ Lilly USA, LLC

_____ other(s) (identify): ________________________________________

## JURISDICTION AND VENUE

6. City and state of Plaintiff's current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

___Phenix City, Alabama___________________________________________

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

_______Georgia_________________________________________________

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

________Alabama_____________________________________________

9. City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

________Alabama_____________________________________________

10. Jurisdiction is based on:

_X___ diversity of citizenship pursuant to 28 U.S.C. § 1332

_____ other (plead in sufficient detail as required by applicable rules):

_____________________________________________________________________

_____________________________________________________________________

11. The District Court(s) where Plaintiff might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

___U.S. District Court for the Middle District of Alabama________________

12. Venue is proper in the District Court identified in Paragraph 11 because:

__X__ a substantial part of the events and omissions giving rise to Plaintiff's claims occurred there

_____ other (plead in sufficient detail as required by applicable rules):

______________________________________________________________________

______________________________________________________________________

13. If applicable, identify the citizenship of any additional Defendant(s) named above:

______________________________________________________________________

## PRODUCT USE

14. Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

__X___ Ozempic (semaglutide)

_____ Wegovy (semaglutide)

_____ Rybelsus (oral semaglutide)

_____ Victoza (liraglutide)

_____ Saxenda (liraglutide)

_____ Trulicity (dulaglutide)

_____ Mounjaro (tirzepatide)

_____ Zepbound (tirzepatide)

_____ Other(s) (specify): ________________________________________

15. To the best of Plaintiff's knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

____April 6, 2021 to March 3, 2022________________________________

____May 11, 2022 to September 28, 2022____________________________

____________________________________________________________

____________________________________________________________

## INJURIES AND DAMAGES

16. To the best of Plaintiff's knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

_____ Gastroparesis

_____ Other gastro-intestinal injuries (specify) ______________________

_____ Ileus

_____ Ischemic Bowel/Ischemic Colitis

_____ Intestinal Obstruction

_____ Necrotizing Pancreatitis

__X_ Gallbladder Injury (specify): Symptomatic cholelithiasis with chronic cholecystitis

_____ Micronutrient Deficiency

_____ Wernicke's encephalopathy

_____ Aspiration

_____ Death

_____ Additional/Other(s) (specify): ____________________________________

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

_____________July 2021_____________________________________________

___________________________________________________________________

___________________________________________________________________

___________________________________________________________________

18. In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

___X__ Injury to self

______ Injury to person represented

______ Economic loss

______ Wrongful death

______ Survivorship

______ Loss of services

______ Loss of consortium

______ other(s) (specify): ________________________________________________

**CAUSES OF ACTION**

19. In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff hereby adopts and incorporates by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

__X___ Count I: Failure to Warn – Negligence

__X___ Count II: Failure to Warn – Strict Liability

__X___ Count III: Breach of Express Warranty/Failure to Conform to Representations

__X__ Count IV: Breach of Implied Warranty

_____ Count V: Fraudulent Concealment/Fraud by Omission

_____ Count VI: Fraudulent/Intentional Misrepresentation

_____ Count VII: Negligent Misrepresentation/Marketing

_____ Count VIII: Strict Product Liability Misrepresentation/Marketing

__X___ Count IX: Innocent Misrepresentation/Marketing

__X___ Count X: Unfair Trade Practices/Consumer Protection (see below)

___X__ Count XI: Negligence

_____ Count XII: Negligent Undertaking

__X___ Count XIII: State Product Liability Act (see below)

_____ Count XIV: Wrongful Death

_____ Count XV: Loss of Consortium

_____ Count XVI: Survival Action

_____ Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

20. If Plaintiff is asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:

a. Indicate the specific statute (including subsections) under which Plaintiff is bringing such claims:

_The Alabama Deceptive Trade Practices Act ("ADTPA" or the "statute") makes it unlawful to engage in any other unconscionable, false, misleading, or deceptive act or practice in the conduct of trade or commerce." AL Code § 8-19-5(27). ____________

______________________________________________________________________

______________________________________________________________________

b. Identify the factual allegations supporting those claims (by subsection, if applicable):

_Defendants engaged in unconscionable and misleading practices by failing to include warnings regarding gastric injuries, in overstating the benefits of GLP -1 RA products and in omitting or downplaying side effects and complications of the products. Had Plaintiff or Plaintiff's doctor seen such warnings, Plaintiff would not have used Ozempic. ______________________________________________________________

______________________________________________________________________

______________________________________________________________________

21. If Plaintiff is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:

a. Indicate the specific statute (including subsections) under which Plaintiff is bringing such claims:

_Under Alabama law, a product liability action" means any action brought by a natural person for personal injury, death or property damage caused by the manufacturer […] when such action is based upon […] (4) the Alabama extended manufacturer's liability doctrine[.] AL Code § 6-5-521 (2025). The Alabama Extended Manufacturer's Liability Doctrine allows a claim to be brought against a manufacturer for selling a product that was in a defective, unreasonably dangerous condition, that reached the consumer without substantial change, and which caused the consumer injury or damage. *See Atkins v. American Motors, Corp.,* So. 2d 134 (Ala. 1976) and *Carsell v. Altec Indus.,* 335 So. 2d 128 (Ala. 1976).________________

________________________________________________________________

________________________________________________________________

b. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff's PLA claim:

________________________________________________________________

________________________________________________________________

________________________________________________________________

c. Identify the factual allegations supporting those claims:

_ Defendants are liable under Alabama's Extended Manufacturer's Liability Doctrine under AL Code § 6-5-521 b failing to include warnings regarding gallbladder

injuries and in omitting or downplaying side effects and complications of the products. Had Plaintiff or Plaintiff's doctor seen such warnings, Plaintiff would not have used Ozempic. ____________________________________________________________

____________________________________________________________

____________________________________________________________

22. If pre-suit notice is required by statute, did Plaintiff provide some form of separate pre-suit notice to Defendant(s)? _n/a_______. If so, attach such notice.

**RELIEF**

Plaintiff prays for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff may be entitled.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all claims triable by jury in this action.

Date: _11/3/26___________________

By: /s/ *Rhett A. McSweeney*
Rhett A. McSweeney
McSweeney Langevin, LLC
2116 S 2nd Ave
Minneapolis, MN 55404
ramfiling@mclmasstort.com
612-542-4646